**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Sue Walker, | No. CV-18-02283-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Wendy Sue Walker's ("Plaintiff") Motion to Continue Hearing (Doc. 10). The Court now rules on this motion.

**I.     BACKGROUND**

On July 19, 2018, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis. (Doc. 2). This Court granted Plaintiff's Application on July 23, 2018. (Doc. 6). The Order required the Clerk of the Court to send Plaintiff a service packet, including summons and request for waiver forms. (*Id.*) The Order also included instructions requiring Plaintiff to complete and return the service packet to the Clerk of the Court within thirty days of the filing of the Order. (*Id.*)

Plaintiff did not return the service packets within thirty days, as required by the Order. (*See* Doc. 8). This Court subsequently scheduled a Show Cause Hearing for September 12, 2018, at 4:00 p.m. (*Id.*) This hearing was scheduled to afford Plaintiff an opportunity to show cause for her failure to comply with the previous order. Plaintiff failed to appear. (*Id.*) Because Plaintiff failed to show cause for her failure to comply with the

previous order, this Court, after considering the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), dismissed the matter without prejudice. (*Id.*).

On the following day, September 13, 2018, Plaintiff filed a Motion to Continue (styled as a "Motion to Reschedule Hearing"). (Doc. 10). The Court now addresses Plaintiff's motion.

## II. MOTION TO CONTINUE HEARING

There is no legal mechanism by which Plaintiff may request an extension of time or continuance for a hearing which has already transpired. This is especially true in a case, such as this one, where the underlying matter has already been closed. As such, this Court finds no justification whereby it may consider Plaintiff's motion.

## III. MOTION TO REOPEN

Alternatively, this Court will liberally construe Plaintiff's motion as a motion to reopen the case under Federal Rule of Civil Procedure 59 ("Rule 59").[1] "A Rule 59 motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2013) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

Plaintiff's motion does not allege any clear error on part of this Court, nor does it reference any change in controlling law. Furthermore, this Court is unaware through its own research—conducted as a result of Plaintiff's pro se status—of any legal error or any changes in the law which might justify reopening Plaintiff's case.

However, Plaintiff's motion does include, ostensibly, new evidence. (Doc. 10). Plaintiff has included a receipt from an automobile parts store, indicating the purchase of a radiator cap, at approximately 10:00 AM on September 12, 2018—the date of Plaintiff's hearing, which was scheduled at 4:00 PM. (*Id.; see* Doc. 8). Plaintiff further alleges that

---

[1] *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted) (courts must "liberally construe" the pleadings of pro se litigants); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (courts should liberally construe the "inartful pleading" of pro se litigants), *Ashelman v. Pope*, 793 F.3d 1072, 1078 (9th Cir. 1986) (courts in this Circuit should hold "pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers").

she was unable to attend the hearing as scheduled as a result of "vehicle trouble" which caused her to be unable to "make it in time to appear." (Doc. 10).

Plaintiff's evidence does not materially advance the merits of Plaintiff's motion. Plaintiff's new evidence shows only that she purchased an item from an automobile parts store on the date of her scheduled hearing. Plaintiff has not shown how this evidence would support her underlying claim, nor has Plaintiff provided any justification for her failure to comply with this Court's previous orders. As such, Plaintiff has shown no reason, and this Court finds no reason, why this matter should be reopened.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Continue Hearing (Doc. 10) is **DENIED**; alternatively, to the extent so construed by the Court, Plaintiff's Motion to Reopen is **DENIED**.

Dated this 30th day of November, 2018.

_James A. Teilborg_
Senior United States District Judge